IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robert Louis Garrett, Jr., <br><br> Plaintiff <br><br> v. <br><br> Aull; Beckett, Jr.; T. Esterline; James Parrish, <br><br> Defendants. | C/A. No. 0:18-1418-CMC-PJG <br><br><br> Order |

Plaintiff Robert Louis Garrett, Jr. (Garrett) brought this *pro se* action alleging violations of his constitutional rights while incarcerated in the South Carolina Department of Corrections. This matter is before the court on Garrett's Motion for Preliminary Injunction Hearing. ECF No. 49. Defendants filed a response in opposition. ECF No. 59. Garrett filed a reply. ECF No. 64.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On December 14, 2018, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Garrett's motion for preliminary injunction be denied. ECF No. 68. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. After several extensions of time, Garrett filed objections on March 18, 2019. ECF No. 95. Defendants have not replied to Garrett's objections.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Magistrate Judge found the relief Garrett seeks via preliminary injunction is unavailable, and that Garrett failed to show he will suffer irreparable harm in the absence of injunctive relief. ECF No. 68 at 4. The Report concludes "the loss of Garrett's legal materials does not appear to have affected Garrett's ability to research and prosecute his cases." *Id.* Therefore, the Report recommends denial of the motion for preliminary injunction.

Garrett objects to the Report. ECF No. 95. He complains of a "conspiracy of retaliation" against him, details the August 22, 2018 incident when he was sprayed with chemical munitions, and objects to the Report's failure to "include all the facts." *Id.* at 4, 5. He argues he named specific Defendants – Lasley, Berry, Monaco, Campbell, and Jenkins – who were involved in "illegally refusing to return 90% of Plaintiff's Legal Files, Property, etc." *Id.* at 3. He cites Exhibits 1A, 2A, and 3A to his November 29, 2018 Reply as showing the named individuals above lied about having anything to do with his property. *Id.* at 3, 4. Finally, Garrett argues "not having all of his legal files, etc. is severely hindering Plaintiff from fighting these Actions as well as his criminal incarceration." *Id.* at 5. He submits his papers regarding his criminal case "have all been thrown away and most can't be replaced," but has "hope that the other 90% of his files and property are sitting somewhere in a closet." *Id.* at 9. He requests a hearing on this motion.

The court agrees with the Report the preliminary injunction requested is not available in this case. Garrett seeks a preliminary injunction requiring Defendants to return his legal files to him. ECF No. 49. However, the individuals Garrett argues refuse to return his property (Lasley, Berry, Monaco, Campbell, and Jenkins) are not Defendants in this case.[1] Therefore, the court cannot order the relief requested.

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Garrett's objections, the court agrees with the Report's recommendation to deny the preliminary injunction. The Report is therefore adopted and incorporated by reference. The motion for preliminary injunction (ECF No. 49) is denied. This matter is referred back to the Magistrate Judge for pretrial proceedings.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 12, 2019

---

[1] Garrett initially filed one case with many Defendants, which was reviewed by the Magistrate Judge and determined to be, in actuality, four different actions complaining of different acts at different institutions. ECF No. 1. The individuals Garrett alleges destroyed or will not return his legal files are not defendants in this action. However, Lasley is a Defendant in Case No. 18-1417, and will be further addressed in the Order in that case.