IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robert Louis Garrett, Jr., <br><br> Plaintiff <br><br> v. <br><br> Aull; Beckett, Jr.; T. Esterline; James Parrish, <br><br> Defendants. | C/A. No. 0:18-1418-CMC-PJG <br><br><br> Opinion and Order |

Plaintiff Robert Louis Garrett, Jr. ("Plaintiff") brought this *pro se* action alleging violations of his constitutional rights while incarcerated in the South Carolina Department of Corrections. This matter is before the court on Plaintiff's Appeal of Magistrate Judge Decision (ECF No. 104) and Supplement (ECF No. 105). Defendants have not responded.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. During the course of proceedings in this matter, Plaintiff filed a motion to join other parties and to amend the Complaint (ECF No. 89) and a motion to amend/correct the motion to join other parties and to amend the Complaint (ECF No. 98). By text order, the Magistrate Judge denied Plaintiff's motions as untimely under the Amended Scheduling Order, thus requiring that Plaintiff show good cause to extend the expired deadlines. ECF No. 99. She also noted Plaintiff could not file a proposed amended complaint with multiple civil action numbers, and any motion to amend must attach a complete proposed amended complaint specific to this civil action number. *Id.*

**Standard**

When a pretrial matter not dispositive of a party's claim or defense is referred to a
magistrate judge to hear and decide, the Magistrate Judge must promptly conduct

> the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections . . .

Fed. R. Civ. P. 72(a).

With respect to a Magistrate Judge's ruling on a nondispositive pretrial matter, a district court shall "modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The Supreme Court has stated that a finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 394 (1948).

## **Discussion**

Plaintiff objects to the Magistrate Judge's denial of his motions to amend, noting he seeks to *supplement*, not amend, his Complaint pursuant to Fed. R. Civ. P. 15(d), to allege events "that have transpired since the filing" of the original Complaint. ECF No. 105 at 2. He argues Defendants are unable to show prejudice and therefore he should be able to supplement the Complaint. *Id.* at 3. Plaintiff contends the Magistrate Judge should be able to "add Defendants to whatever Civil Action she decides that they should be added to," when Plaintiff is unsure to which civil action a particular proposed Defendant should be added. *Id.* at 4. He also believes the May 9, 2015 incident at Perry and the June 2015 incident at Perry should be in the same civil action,

2

and has "pointed to the New Evidence that supports his position."[1] *Id.* He requests appointment of counsel to assist with supplementation of his Complaints. He further notes the Scheduling Orders do not contain deadlines by which to join other parties or amend the pleadings. *Id.* at 5.

The first Scheduling Order in this case was entered on August 29, 2018, and set a deadline to join parties or amend pleadings of September 27, 2018. ECF No. 24. Plaintiff then filed a motion to extend the deadline to file motions to join other parties or amend pleadings (ECF No. 35) which was granted by the Magistrate Judge, extending that deadline to October 25, 2018 (ECF No. 38). Plaintiff filed a motion for leave to file a supplemental and amended Complaint on September 26, 2018 (ECF No. 40), noting he had requested extension of the deadline but had not received notification the extension had been ruled upon. The motion for leave to amend was terminated as moot "in light of the Amended Scheduling Order extending the deadline to amend pleadings to October 25, 2018" (ECF No. 43).[2] On October 29, 2018, Plaintiff filed another motion for extension of time to join parties or amend the Complaint. ECF No. 48.

On November 2, 2018, the Magistrate Judge entered a text order "suspending all deadlines in the court's Amended Scheduling Order until resolution of Plaintiff's motion for preliminary

---

[1] As the instant Civil Action does not concern Perry Correctional Institution, this argument will be addressed in an Order in the Civil Action(s) relating to incidents at Perry.

[2] Plaintiff's motion for leave to file an amended or supplemental complaint did not include a proposed amended complaint, but only a "Declaration" by Plaintiff regarding his legal files and a complaint about his food service flap. Therefore, although such a motion for leave to amend may not have been mooted by the extension of deadlines, it could not have been granted as filed. Further, there is no harm to Plaintiff in the termination of his motion for leave to amend (ECF No. 40) as this court will allow additional time for him to file an amended or supplemental complaint.

3

injunction regarding his legal box." ECF No. 53.[3] Plaintiff filed a motion to appoint counsel on November 26, 2018 (ECF No. 60), and a motion to supplement the motion to appoint counsel on November 28, 2018 (ECF No. 61). On December 14, 2018, the Magistrate Judge entered a Report and Recommendation recommending Plaintiff's motion for preliminary injunction be denied. ECF No. 68.[4] The same day, she entered an order granting Plaintiff's motion to supplement the motion to appoint counsel (ECF No. 61) but denying his motion to appoint counsel (ECF No. 60), and subsequently entered a Second Amended Scheduling Order (ECF No. 70). Plaintiff is correct this Scheduling Order, entered December 17, 2018, did not include a deadline for motions to join parties or amend pleadings.[5]

Plaintiff filed a motion to join parties or amend the Complaint on March 8, 2019, and a motion to amend/correct that motion on March 28, 2019. ECF Nos. 89, 98. The Magistrate Judge denied those motions on March 29, 2019, in the text order challenged in this appeal, holding Plaintiff must file a proper motion in accordance with Fed. R. Civ. P. 15(a)(2) and attach a complete proposed amended complaint specific to the civil action number in which it is filed. ECF No. 99. She also found Plaintiff would have to show good cause in order to extend the expired deadline to join parties or amend the Complaint. *Id.*

---

[3] It appears this suspension of deadlines was in response to Plaintiff's October 29 motion to extend the deadline to join parties or amend the Complaint.

[4] The court adopted the Report regarding the preliminary injunction and denied that motion on April 12, 2019, after several extensions of the time for objections requested by Plaintiff. ECF No. 106.

[5] This Second Amended Scheduling Order appears to have superseded the Text Order suspending deadlines until the motion for preliminary injunction was decided.

It appears to the court the deadline to join parties or amend pleadings had not expired when the Second Amended Scheduling Order was filed, which did not contain such a deadline. Therefore, Plaintiff's most recent motions to amend or supplement his Complaint (ECF Nos. 89, 98) were timely filed, and Plaintiff need not satisfy the good cause standard to justify leave to amend. However, this does not mean Plaintiff's motions to amend or supplement his Complaint should have been granted. The court agrees, for the reasons stated by the Magistrate Judge, that Plaintiff's motions cannot be granted as filed. As the Magistrate Judge stated, "if Plaintiff is seeking to amend his complaint, Plaintiff must file a proper motion to amend in accordance with Fed. R. Civ. P. 15(a)(2) and attach a complete proposed amended complaint specific to this civil action number. Plaintiff may not file an amended complaint with multiple civil action numbers." ECF No. 99.

If Plaintiff is seeking to <u>supplement</u> his Complaint in this Civil Action to include events occurring after the date of his original Complaint: May 7, 2018, he must set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). However, he may not file the same motion and proposed Supplemental Complaint in each Civil Action, but must tailor the proposed Supplemental Complaint(s) to supplement each existing Complaint with related facts, incidents, or additional Defendants. The court will not determine which Defendant(s) should be added to which existing Complaint – Plaintiff must determine which allegations and Defendants he wishes to add to which Civil Action.

For example, this case concerns Defendants Aull, Beckett, Esterline, and Parrish, regarding incidents taking place at Broad River Correctional Institution between January 2016 and May

2016.  *See* Order severing cases, ECF No. 1.[6]  Therefore, any proposed supplement should relate to these incidents (if there were facts that have now come to light that were unavailable at the time of the original Complaint).  Incidents at other Institutions would not be relevant to this Civil Action, and should not be included in a proposed Supplemental or Amended Complaint in this action.  Further, the court has previously ruled on Plaintiff's argument that his treatment at various SCDC facilities is part of a larger "conspiracy" against him, and will not revisit allegations of this nature.  Any motion to amend or supplement the Complaint is due no later than June 25, 2019.  Plaintiff is hereby notified this will be the final deadline for motions to amend and motions to supplement.

Plaintiff also requests appointment of counsel to assist him in supplementing his Complaint.  His request for counsel has been denied by the Magistrate Judge, and to the extent his appeal can be construed as an objection to that ruling, this court finds it was not clearly erroneous.  Therefore, the court affirms the order of the Magistrate Judge (ECF No. 99) as supplemented above.  Plaintiff may move to amend or supplement his Complaint, with a proposed amended/supplemental Complaint attached, no later than June 25, 2019.  This matter is referred back to the Magistrate Judge for pretrial proceedings.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
May 22, 2019

---

[6] As Plaintiff argues he no longer has access to his legal files, the Clerk is directed to enclose a copy of ECF No. 1 in this Civil Action with the instant Order when it is mailed to Plaintiff.