IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robert Louis Garrett, Jr., )<br>)<br>      Plaintiff,  )<br>  v.          )<br>               )<br>Aull; Beckett, Jr.; T. Esterline; James )<br>Parrish; Travis H. Napier; Dr. Koon; )<br>Dr. T. Ergen; Dr. Arrojas; Dr. Compton; )<br>Pamela Derrick; Gina Williamson; Dr. )<br>Bryne, )<br>               )<br>      Defendants. **)**<br>_____**)** | Case No. 0:18-cv-1418-CMC-PJG |

**ORDER**

  This matter is before the court on Plaintiff's Objections/Appeals of the Magistrate Judge's Orders of March 12, 2020 and May 15, 2020.  ECF Nos. 244, 265.  The challenged orders are a Text Order at ECF No. 244 declining to authorize service on Defendant Koon, and an Order denying Plaintiff's Rule 56(d) request in his affidavit regarding discovery and summary judgment at ECF No. 265.  For the reasons below, the Magistrate Judge's rulings are affirmed.

  1. **Standard**

   When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the Magistrate Judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections . . .

Fed. R. Civ. P. 72(a).

  With respect to a Magistrate Judge's ruling on a nondispositive pretrial matter, a district court shall "modify or set aside any portion of the magistrate's order found to be clearly erroneous

or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The Supreme Court has stated that a finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 394 (1948).

**2. <u>Service on Defendant Koon</u>**

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial matters.

On December 20, 2019, the Magistrate Judge entered an Order directing Plaintiff to complete and return a Form USM-285 for Defendant Dr. Koon within 14 days, so that he could be properly served, as the previous summons was insufficient. ECF No. 201. The previous summons was returned unexecuted because "SCDC Office of General Counsel cannot accept – could not locate this defendant." ECF No. 200 at 1. As Plaintiff is responsible for providing information sufficient to identify the defendant on the Form USM-285, the Magistrate Judge directed him to return a new Form USM-285 with information sufficient to identify or locate Defendant Dr. Koon. On January 6, Plaintiff submitted a USM-285 to serve "Dr. Koon (worked for SCDC in June 2019 and in July/Aug 2016)" via SCDC office of General Counsel. ECF No. 231. He provided a SCDC Physician's note bearing Dr. Koon's name, and requested that if Dr. Koon no longer works for SCDC that the General Counsel provide information by which to identify him. *Id.* at 1-2. He stated he does not know Dr. Koon's full name "but SCDC does." *Id.* at 1.

On March 12, 2020, the Magistrate Judge entered a Text Order declining to authorize service on Defendant Dr. Koon. ECF No. 244. The Magistrate Judge found that, although Plaintiff

2

resubmitted a USM-285 form, he did not comply with the court's order to provide more accurate information so the U.S. Marshal's Service could effect proper service. *Id.*

### a. *Discussion*

The court agrees with the Magistrate Judge Plaintiff has failed to provide information sufficient to allow the U.S. Marshal's Service to effect service upon Defendant Dr. Koon. It is Plaintiff's burden to provide information sufficient to identify a defendant. It is possible SCDC could not identify Dr. Koon because he was only a consultant for SCDC, not actually an employee, or because he no longer works there. However, Plaintiff has failed to provide a first name or any other identifying information other than he saw Dr. Koon at an SCDC facility in May 2016. SCDC has been unable to locate this defendant based on this information. Further, Plaintiff has had over two years to attempt to more specifically identify Dr. Koon, and the case is now in summary judgment posture. The court finds the Magistrate Judge's ruling was not clearly erroneous or contrary to law and is affirmed.

### 3. **Response to Motion for Summary Judgment**

On February 12, 2020, Defendants filed a motion for summary judgment. ECF No. 232. Because Plaintiff is proceeding pro se, a *Roseboro* Order was mailed to Plaintiff, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 233. Plaintiff's response to Defendants' motion was due by March 19, 2020. The Magistrate Judge granted a motion for extension, as Plaintiff alleged he had not received Defendants' motion for summary judgment, and Plaintiff was given until April 15, 2020, to respond. ECF No. 243. Due to the COVID-19 pandemic, a Standing Order was issued by the court on March 16, 2020, extending existing deadlines for 21 more days, making Plaintiff's response deadline May 6, 2020. ECF No. 251.

Instead of filing a substantive response, Plaintiff filed an affidavit pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, arguing he was not able to respond to the motion for summary judgment because of Defendants' refusal to produce certain documents in discovery. ECF No. 264. On May 15, 2020, the Magistrate Judge declined to defer ruling on the summary judgment motion because Plaintiff had "ample opportunity to obtain the requested documents during the normal course of discovery in this matter," but "did not avail himself of the remedies provided by the Federal Rules of Civil Procedure for obtaining these documents during the discovery period." ECF No. 265 at 3. The Magistrate Judge denied his request and ordered Plaintiff to advise the court whether he wished to continue with his claim and to file a response to the summary judgment motion by May 29, 2020. He was notified that if he failed to respond, the Magistrate Judge would recommend dismissal with prejudice for failure to prosecute. *Id.* at 4.

Plaintiff's objections to/appeal of the Magistrate Judge's Order were filed on June 2, 2020.[1] ECF No. 269. He requests the court "file an Order mandating that the Defendants turn over the herein referenced Discovery." *Id.* at 1. He argues he has been diligent in pursuing this discovery and Defendants have refused to produce it. He contends summary judgment is inappropriate because he has shown SCDC subjects mental health residents like himself to cruel and unusual punishment, and discovery is needed to effectively respond to the summary judgment motion. *Id.* at 5. He requests this court overrule the Magistrate Judge's order, file an order requiring

---

[1] The envelope shows this filing was received by the mail room at Turbeville on May 29, 2020. Therefore, under *Houston v. Lack*, his objections are timely.

Defendants to produce the requested documents, and give Plaintiff ample time to file a response to the summary judgment motion. *Id.*

    a. *Discussion*

Plaintiff does not specify which documents he seeks from Defendants but has attached Defendants' Response to his Third Set of Interrogatories[2]. He did set forth specific documents in his Rule 56(d) affidavit and attached Defendants' Response to Plaintiff's Third Set of Requests for Production. ECF No. 264. In their response to his requests, Defendants noted they produced some documents but objected to the production of other categories of documents as irrelevant, overly broad, and unduly burdensome. ECF No. 264-1.

The court agrees with the Magistrate Judge Plaintiff had ample opportunity to file motions to compel during the discovery period. While he did file multiple motions, they did not conform to the Federal Rules of Civil Procedure and/or were premature or untimely. See, e.g., ECF Nos. 127, 160. It appears to the court Defendants responded to Plaintiff's Third Set of Interrogatories and Requests for Production, and Plaintiff does not point the court to any Motion to Compel timely and appropriately filed after those responses were received.[3] The court further agrees with the Magistrate Judge that some of the documents requested, including those regarding SCDC historical treatment of mental health patients and those related to the state case decision by Judge Baxley,

---

[2] The court notes interrogatories are not requests for production of documents, but are written questions to the other party.

[3] The court acknowledges Plaintiff filed a motion to compel responses to the Third Set of Interrogatories and Requests for Production, but this was denied because Defendants' responses were timely served even though not received by Plaintiff until a later date. See ECF Nos. 174, 186. Defendant did not file a motion to compel regarding the sufficiency of the responses after they were received.

may not create a genuine issue of material fact as to Plaintiff's specific claims against Defendants in this case.

The court finds the Magistrate Judge's Order was not clearly erroneous or contrary to law, and therefore is affirmed.

### 4. Conclusion

The Magistrate Judge's Text Order at ECF No. 244, declining to authorize service on Dr. Koon, is affirmed. Additionally, the Magistrate Judge's Order at ECF No. 265 is affirmed. Plaintiff is hereby directed to file a response to Defendants' motion for summary judgment no later than June 26, 2020.[4] Failure to do so may lead to a finding that Plaintiff has failed to prosecute his case and may result in dismissal with prejudice for that reason.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 9, 2020

---

[4] Plaintiff is reminded to respond specifically to Defendants' motion in this matter, and to address his claims related to Defendants in this case.