IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robert Louis Garrett, Jr., <br><br> Plaintiff <br><br> v. <br><br> Aull; Beckett, Jr.; T. Esterline; James Parrish; Travis H. Napier; Dr. Koon; Dr. T. Ergen; Dr. Arrojas; Dr. Compton; Pamela Derrick; Gina Williamson; Dr. Bryne, <br><br> Defendants. | C/A. No. 0:18-1418-CMC-PJG <br><br><br> Opinion and Order |

Plaintiff Robert Louis Garrett, Jr. ("Garrett") brings this *pro se* action alleging violations of his constitutional rights while incarcerated in the South Carolina Department of Corrections ("SCDC"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

This matter is before the court on Defendants' Motions for Summary Judgment. ECF Nos. 232 (Motion by Defendants Aull, Beckett, Esterline, and Parrish), 278 (Motion by Defendants Arrojas, Ergen), 298 (Motion by Defendants Byrne, Derrick, Napier, Williamson, and Compton). Because Garrett is proceeding *pro se*, the Magistrate Judge entered orders pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motions and the need to file adequate responses. ECF Nos. 233, 279, 299. Garrett moved for and was granted numerous, lengthy extensions in which to respond. ECF Nos. 237, 243, 264, 265, 275, 288, 289, 301, 303, 304. He was warned a failure to respond would subject his case to dismissal for failure to prosecute or that the motions may be decided on the record presented in support of the motions

if he failed to file a response.  Nonetheless, Garrett did not file a response to any of the summary judgment motions.

On December 17, 2020, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the medical defendants (Arrojas, Ergen, Byrne, Compton, Derrick, and Williamson) are entitled to summary judgment, as are Defendants Parrish and Napier regarding the May 25, 2016 incident only.  ECF No. 311.  However, the Report found Defendants Aull, Beckett, Esterline, and Parrish failed to demonstrate they are entitled to summary judgment as to allegations of excessive force and retaliation that occurred between January and May 2016, and recommended denying summary judgment on those claims.  The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so.

Defendants Aull, Beckett, Esterline, and Parrish then filed a motion to file a dispositive motion out of time or for an extension of time in which to file objections.  ECF No. 317.  The court granted the extension to file objections, but denied permission to file a dispositive motion out of time.  ECF No. 318.  Defendants Aull, Beckett, Esterline, and Parrish filed objections on January 19, 2021.  ECF No. 320.  On February 16, 2021, the court received two motions from Garrett: a motion for extension of time to file objections, and a motion for temporary restraining order, requesting permission to use the ADA Typewriter at his facility despite the lockdown.  ECF Nos. 325, 326.  The court directed Defendants to respond to Garrett's motion for temporary restraining order (ECF No. 327) and granted Garrett an extension to file objections through March 12, 2021 (plus three mailing days).  ECF No. 329.  As of March 25, 2021, the court has not received any objections from Garrett.

1. **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

2. **Background**[1]

Garrett alleges incidents of excessive force while he was housed at Broad River Correctional Institution ("BRCI") between January and May 2016. On at least three occassions, Garrett requested to see his mental health counselor, but alleges Defendants Aull, Beckett, Esterline, and Parrish responded by spraying him with chemical munitions and did not allow him to decontaminate. ECF No. 183 (Am. Compl.). On one occasion in April or May 2016, Garrett alleges Aull and Parrish removed his clothes and exposed him to a female nurse and mental health counselor. *Id.* at ¶ 44. He further alleges these Defendants retaliated against him for filing

---

[1] The facts are taken in the light favorable to the non-moving party, Garrett.

3

grievances against them. In these incidents, Garrett alleges the use of force was not necessary, was against SCDC policies, and did not involve mental health providers as required.

As to the medical Defendants, Drs. Koon, Arrojas, and Ergen, Garrett alleges they denied his pain medication prescribed by another physician and characterized him as "non-compliant" with his medical regimen following the May 25 incident. He notes all the medical Defendants violated his physician's orders in denying him care, which caused his hand to heal improperly.

The court construed Garrett's Amended Complaint as alleging claims for excessive force, deliberate indifference, and retaliation under 42 U.S.C. § 1983. Specifically, he asserts claims of excessive force and retaliation against Defendants Aull, Beckett, Esterline, and Parrish for at least three incidents between January and May 2016, and excessive force against Parrish and Napier regarding a May 25, 2016 incident.[2] Against the medical Defendants, Koon, Ergen, Arrojas, Compton, Derrick, Williamson, and Bryne, he asserts claims of deliberate indifference to medical needs. He seeks monetary and injunctive relief.

### 3. Discussion

The Magistrate Judge recommends dismissal of claims against the medical defendants and against Parrish and Napier regarding the May 25, 2016 incident only. ECF No. 311. However, the Report found Defendants Aull, Beckett, Esterline, and Parrish failed to move for summary judgment as to at least three allegations of excessive force and retaliation that occurred between January and May 2016 (other than the May 25 incident), and recommended those claims proceed.

---

[2] Garrett alleges on May 25, 2016, Parrish sprayed him with nearly 900 grams of chemical munitions as part of a violent cell extraction in which he was severely injured.

The Report recommends dismissing Defendant Koon for failure to properly serve him within the applicable time period, under Rule 4(m).

Defendants object to the Report's recommendation summary judgment be denied as to Defendants Aull, Beckett, Esterline, and Parrish. ECF No. 320. Specifically, they argue the Magistrate Judge should have dismissed such claims for failure to prosecute; that Garrett's Amended Complaint did not specify the dates on which such incidents occurred; and that the use of force was justified in the three incidents identified. They also argue Plaintiff's claims of retaliation fail and should be dismissed. They do not object to the recommendation of summary judgment as to Plaintiff's remaining claims.

Although Garrett requested an extension of time in which to file objections, and it appears SCDC officials allowed him to have the requested typewriter in his cell for at least a period of time (ECF No. 339 at 4), the court has received no objections from Garrett.[3]

### a. *Excessive Force*

#### i. May 25, 2016 Incident

The Magistrate Judge recommends granting summary judgment for Defendants Parrish and Napier as to the May 25, 2016 incident, as she reasoned "no reasonable jury could find that the actions of Defendants Parrish and Napier violated the Eighth Amendment." ECF No. 311 at 12. The Report found "Garrett's repeated noncompliance and recalcitrant behavior necessitated the use of force," and that the amount of chemical munitions did not support a finding of excessive force under such circumstances. Regarding Garrett's significant hand injury suffered in this

---

[3] The court notes it received typewritten Notices of Appeal in other cases filed by Garrett on March 15, 2020 – the date objections were due in this case. *See, e.g.*, Case No. 19-1953, Garrett v. Enloe, ECF No. 110.

incident, the Report concluded the use of the tool that injured his hand "was an attempt to clear the blocked food service flap, and that Garrett's injury occurred only when Garrett grabbed ahold of the tool in an attempt to pull it into his cell." *Id.* at 15. The Report therefore concluded no reasonable jury could find the use of chemical munitions or the push/pull tool was done wantonly to inflict pain and not applied in a good faith effort to restore order.

Defendants do not object to the dismissal of the claim based on the May 25, 2016 incident. As noted above, Garrett has not filed objections.

After review of the record, the law, and the Report of the Magistrate Judge, the court finds no clear error. Therefore, summary judgment is granted as to this claim against Defendants Parrish and Napier, and the claim regarding the May 25, 2016 incident is dismissed with prejudice. Defendant Napier, named only in this claim, is dismissed.

ii. <u>Remainder of Incidents/Retaliation</u>

The Magistrate Judge determined Defendants Aull, Beckett, Esterline, and Parrish failed to move for summary judgment on three alleged incidents between January and May 2016. After the Report was issued a new counsel for Defendants made an appearance and sought to file a dispositive motion out of time addressing these incidents; however, the court denied that motion. These Defendants then filed objections as outlined above, and included with their Objections Incident Reports from January 28, 2016, February 17, 2016, and April 20, 2016. These Incident Reports show Defendant Beckett was involved in the discharge of chemical munitions in the January 28 incident, Defendant Esterline administered munitions in the February 17 incident, and Defendants Esterline, Parrish, and Aull were directly involved in the April 20 incident.[4]

---

[4] Other officers also involved in each incident were not named as Defendants.

Although Defendants advance several arguments as to why claims based on alleged incidents on the above dates should be dismissed, Defendants did not move for summary judgment on these claims. The court has dismissed other cases brought by Garrett for failure to prosecute after the filing of a Motion for Summary Judgment. See Case Nos. 19-1859, *Garrett v. Palmer*, ECF No. 91 (92 docket entries through dismissal of case); 19-1952, *Garrett v. Stephenson*, ECF No. 87 (88 docket entries); 19-1953, *Garrett v. Enloe*, ECF No. 101 (104 docket entries). However, in the instant case, Garrett has filed numerous motions and maintained active involvement (339 docket entries as of March 22, 2021). In addition, in those cases Garrett made no filings after the respective Reports were filed but before the cases were closed, while in this case, Garrett has filed a motion for temporary restraining order and motion for extension of time in which to file objections to the Report.

The court finds Garrett's claims, though lacking specific dates, included enough information for Defendants to identify three incidents between Garrett and these Defendants during the January-April 2016 time period. The court therefore will not dismiss these claims under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), as argued by Defendants.

For these reasons, Garrett's claims of excessive force and retaliation for incidents on January 28, February 17, and April 20, 2016, will proceed to trial.

   b. *Deliberate Indifference*

The Magistrate Judge recommends dismissal without prejudice of Dr. Koon, a medical defendant, due to lack of service pursuant to Rule 4(m), as noted above. In addition, the Report recommends dismissal of the other medical defendants – Defendants Arrojas, Ergen, Williamson, Compton, Derrick, and Byrne – as Garrett had access to medical care and treatment, including

medication (although not the medication he desired) "while housed in SCDC facilities and under the care of the named medical defendants." ECF No. 311 at 20.

Defendants do not object to the recommendation of dismissal as to the medical defendants, and Garrett has not filed objections, as noted above. Therefore, the court has reviewed the Report for clear error. Finding none, the court grants the motion for summary judgment as to the claims of deliberate indifference, and these claims are dismissed with prejudice. Defendants Koon, Arrojas, Ergen, Williamson, Compton, Derrick, and Byrne are dismissed.

### 4. Motion for Temporary Restraining Order

Garrett has also filed a motion for temporary restraining order. ECF No. 325. Plaintiff alleges his hand injury prevents him from handwriting documents without pain, and requests a court order for use of the ADA typewriter at his facility. The court directed counsel for Defendants to respond to the motion. ECF No. 327. Defendants Arrojas and Ergen filed a response stating they do not work for SCDC, and therefore defer to the SCDC Defendants for a response. ECF No. 331. The remaining Defendants filed a response in opposition, arguing Garrett has not met the standard for a temporary restraining order but also noting one typewriter was transferred to Garrett's cell, despite the quarantine lockdown at his institution. ECF Nos. 339 at 4; 339-4 (affidavit of Associate Warden of Programs Brightharp, noting the typewriter was provided to Garrett on or about February 25, 2021, and remains in his cell as of March 19, 2021).

As Garrett has received access to a typewriter, and indeed has submitted typed filings in several of his other cases, the court finds his motion for temporary restraining order is moot. The motion for temporary restraining order (ECF No. 325) is dismissed.

5. **Conclusion**

After a review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and objections filed, the court agrees with the Report's recommendations. Accordingly, the court adopts the Report by reference in this Order. The deliberate indifference claims against Defendants Koon are dismissed without prejudice and as against Arrojas, Ergen, Williamson, Compton, Derrick, and Byrne are dismissed with prejudice, as is the claim regarding the May 25, 2016 use of force against Defendants Parrish and Napier. However, Garrett's claims for excessive force and retaliation against Defendants Aull, Beckett, Esterline, and Parrish for incidents on January 28, February 17, and April 20, 2016, remain for trial; specifically, Beckett in the January 28 claim, Esterline in the February 17 incident, and Defendants Esterline, Parrish, and Aull in the April 20 incident.[5]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 25, 2021

---

[5] The motion for temporary restraining order (ECF No. 325) is dismissed as moot.